IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | COMPLAINT |
| MEENAN OIL COMPANY, | ) ) | |
| Defendant. | ) ) | JURY TRIAL DEMAND |
| _____ | ) ) | |

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of age and to provide appropriate relief to Louis Ceccoli. As set forth in more detail below, Defendant Meenan Oil Company discriminated against Louis Ceccoli (71) because of his age, when its Sales Manager subjected him to repeated discriminatory age-based remarks and comments, reassigned his sales territory to a substantially younger Sales Representative and redirected his sales leads to substantially younger Sales Representatives. The Commission further alleges Defendant's Sales Manager subjected Mr. Ceccoli to repeated reprimands that lead to his termination and replaced Mr. Ceccoli with a substantially younger Sales Representative.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"),

which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant, Meenan Oil Company (the "Employer" or "Meenan"), has continuously been doing business in the State of Pennsylvania and the City of Bristol, and has continuously had at least 20 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

## CONCILIATION

6. Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## STATEMENT OF CLAIMS

7. Since at least in or about August 2006, the Defendant Employer engaged in unlawful employment practices at its Tullytown, Pennsylvania facility, in violation of Section 4(a)(1)of the ADEA, 29 U.S.C. § 623(a) (1). These unlawful practices include, but are not limited to the following actions by Defendant, through Sales Manager Albert Sorrentino:

(a) Reassigning Louis Ceccoli's sales territory to a substantially younger Sales Representative and redirecting his sales leads to substantially younger Sales Representatives;

(b) Asking his age, commenting that he would like to "remove all the older Representatives and replace them with younger employees", that he would retire if he was "as old as Mr. Ceccoli" and repeatedly asking Ceccoli when he planned on retiring;

(c) Subjecting Mr. Ceccoli to repeated reprimands regarding his performance;

(d) Terminating Mr. Ceccoli's employment in favor of a younger, less experienced sales representatives.

8. The effect of the practices complained of in paragraph 7 above has been to deprive Louis Ceccoli of equal employment opportunities and otherwise adversely affect his status as an employee, because of his age.

9. The unlawful employment practices complained of in paragraph 7 above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in discrimination based on age and any other employment practice which discriminates on the basis of age against individuals 40 years of age and older.

B. Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices.

C. Grant a judgment requiring Defendant Employer to pay appropriate back wages in an amount to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to individuals whose wages are being unlawfully withheld as a result of the acts complained of above, including but not limited to Louis Ceccoli.

E. Order Defendant Employer to make whole all individuals adversely affected by the unlawful practices described above, by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to back pay and front pay of Louis Ceccoli.

F. Grant such further relief as the Court deems necessary and proper in the public interest.

G. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

                                              Respectfully submitted,

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
PHILADELPHIA DISTRICT OFFICE

JACQUELINE H. MCNAIR
Regional Attorney

*/s/ Terrence R. Cook*
TERRENCE R. COOK
Supervisory Trial Attorney

*/s/ Dawn M. Edge*
DAWN M. EDGE
Trial Attorney

U.S. EEOC, Philadelphia District Office
801 Market Street
Penthouse, Suite 1300
Philadelphia, PA 19107-3127
(215) 440-2687(direct)
(215) 440-2848(fax)
Dawn.Edge@eeoc.gov